## STEELE v. SCOTT.

### Opinion delivered July 15, 1912.

APPEAL AND ERROR—TIME FOR APPEALING.—An appeal from a judgment on a demurrer, taken more than a year after the judgment was rendered, is too late.

Appeal from Saline Chancery Court; *A. Curl*, Chancellor; appeal dismissed.

### STATEMENT BY THE COURT.

Upon the petition of the officers of the Saline County Bank, praying for the appointment of a receiver of that bank, the chancery court of Saline County, at chambers, on the 2d day of September, 1908, appointed a receiver for the bank in accordance with the prayer of the petition. On the 25th day of June, 1910, appellant filed in the Saline Chancery

Court a petition intervening in the cause wherein the receiver was appointed, in which she alleged that she had subscribed and paid for $1,500 of the capital stock of said bank; that the purchase price of said stock had been received by the bank on the 10th day of February, 1908, prior to the bank's being placed in the hands of a receiver on the 2d day of September, 1908. She alleged that the stock which she purchased was an overissue of stock, and that therefore the Saline County Bank became indebted to her in the sum of $1,500, the amount paid for the stock, as for money had and received, for which sum she prayed judgment.

On the 8th of August, 1910, the Saline County Bank filed a demurrer to the petition, setting up that the facts stated in the petition are not sufficient to constitute a cause of action; that the court had no jurisdiction; that intervener had a complete and adequate remedy at law; that the cause of action, if any, was in tort.

On the 17th of February, 1911, the court sustained the demurrer, and, appellant declining to plead further, the court entered a judgment dismissing her petition for want of equity. Appellant filed a transcript with, and was granted an appeal by, the clerk of this court on April 10, 1912.

*Chas. C. Sparks* and *W. H. Martin,* for appellant.

*W. R. Donham,* for appellee.

The appeal was not perfected within the time required by law, and should be dismissed. Kirby's Dig., § 1199; 80 Ark. 513; 69 Ark. 28; 73 Ark. 609.

WOOD, J., (after stating the facts). Section 1199 of Kirby's Digest provides that "an appeal or writ of error shall not be granted except within one year after the rendition of the judgment, order or decree sought to be reviewed."

The appeal in this case was granted more than a year after the rendition of the judgment on the demurrer dismissing appellant's intervention. The appeal not having been perfected within the time prescribed by law, this court is without jurisdiction of the case. *Damon* v. *Hammonds,* 73 Ark. 609, *Young* v, *Rose,* 80 Ark. 515. The judgment of the lower court therefore can not be disturbed by this court, and the appeal is dismissed.